IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECUREWORKS, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) C. A. No. 05-538 (JJF) |
|     v. | ) |
| | ) **PUBLIC VERSION** |
| INTERNETTRUST FOUNDATION | ) |
| f/k/a SECURE NETWORX CORP., | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR
CONTEMPT, SANCTIONS, AND TO ENFORCE THE JUDGMENT ON CONSENT**

 

Richard L. Horwitz (#2246)
James M. Kron (#3898)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
jkron@potteranderson.com

OF COUNSEL

*Attorneys for Plaintiff SecureWorks, Inc.*

Keith E. Sharkin
Jill Wasserman
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Dated: August 29, 2006
Public Version Dated: September 5, 2006

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................3

    I. THE PARTIES..........................................................................................................3

    II. THE TERMS OF THE ███████████████ AND JUDGMENT ........4

    III. DEFENDANT'S IMPROPER ACTIONS ........................................................5

ARGUMENT ..........................................................................................................................6

    I. DEFENDANT'S BREACH OF THE ███████████████ AND
       JUDGMENT WARRANTS A FINDING OF CONTEMPT................................6

    II. SANCTIONS ............................................................................................................8

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Elkin v. Fauver,*
   969 F.2d 48 (3d Cir. 1992)..................................................................................8

*Harris v. City of Philadelphia,*
   47 F.3d 1311 (3d Cir. 1995)................................................................................7

*Harris v. Levine,*
   No. 82-1847, 1993 U.S. Dist. LEXIS 7850 (E.D. Pa. Jun. 14, 1993)..............10

*Marshak v. Treadwell,*
   240 F.3d 184 (3d Cir. 2001).............................................................................10

*Newark Branch, NAACP v. City of Bayonne,*
   134 F.3d 113 (3d Cir. 1998)...............................................................................6

*Robin Woods Inc. v. Woods,*
   28 F.3d 396 (3d Cir. 1994)............................................................................8, 9

## FEDERAL STATUTES

15 U.S.C. § 1119....................................................................................................10

Plaintiff SecureWorks, Inc. ("Plaintiff" or "SecureWorks") by and through undersigned counsel hereby files this Opening Brief In Support Of Its Motion For Contempt, Sanctions, And To Enforce The Judgment On Consent. In support, Plaintiff respectfully shows that the defendant ███████████████████████████████████████████████████████████████████ is in violation of the Judgment on Consent (D.I. 21).

## INTRODUCTION

On July 26, 2005 SecureWorks filed the above-captioned action against Defendant Secure Networx Corp. ("Defendant" or "Secure Networx"), now known as InternetTrust Foundation, alleging, *inter alia*, that Defendants' registration and use of the mark SECURE NETWORX infringes upon Plaintiff's rights in and to its federally registered trademark, SECUREWORKS (Reg. No. 2,616,942). (See D.I. 1). Plaintiff filed this action following several years of continuing attempts by Defendant to interfere with Plaintiff's business and to extort money from Plaintiff by filing several meritless proceedings against Plaintiff in the United States Patent and Trademark Office ("USPTO") before the Trademark Trial and Appeal Board ("TTAB"). During the course of these proceedings, Plaintiff worked diligently to obtain discovery and move forward with the TTAB proceedings in a timely manner. See D.I. 15 at 5. In contrast, Defendant was generally nonresponsive and uncooperative, for which it was eventually reprimanded by the TTAB. See id. In addition, the TTAB sanctioned Defendant (on Plaintiff's motion) for being dilatory, and denied Defendant's request for an extension of discovery. Moreover, even after Plaintiff's attempt to avoid incurring needless expense and distraction by settling the proceedings at the TTAB, Defendant again in 2005 continued

its meritless actions by petitioning the USPTO to cancel Plaintiff's registration for SECUREWORKS. See id. at 1-2. Thus, in order to put an end to the harassment by Defendant, Plaintiff filed the instant action for trademark infringement and unfair competition under federal law.

After Plaintiff filed this action and after several early motions by the parties, the Court struck Defendant's Answer and Counterclaims and ordered Defendant to identify counsel. Shortly thereafter, ███████████████████████████████████████ ████████████████████████████████████████ On October 6, 2005, on behalf of both parties, Plaintiff filed a Final Judgment On Consent (D.I. 20), which ███ ████████████████████ and which the Court entered on October 21, 2005. (D.I. 21).

The ████████████████████████ Judgment require Defendant (and its principal, Mr. Adam Ezer ("Mr. Ezer")) to cancel its federal trademark registration for SECURE NETWORX and prohibit Defendant and Mr. Ezer from "petitioning to cancel … any of plaintiff's marks including…. SECUREWORKS…". (See D.I. 21 at ¶¶ 5(a) and 6(f); ███ ████████████████████████). Nonetheless, Defendant has requested that the USPTO reinstate the cancelled SECURE NETWORX registration, and has threatened to petition the USPTO to cancel Plaintiff's registration for SECUREWORKS. (See Ex. B, July 29, 2006 E-Mail from A. Ezer to K. Sharkin; Ex. C, August 11, 2006 E-mail From A. Ezer to K. Sharkin; Ex. D, February 17, 2006, August 11, 2006, and August 25, 2006 Correspondence From A. Ezer to USPTO). Therefore, Defendant is ████████████ ████████████ in violation of the Judgment. Accordingly, Plaintiff requests

that the Court order Defendant to comply with the terms of the Judgment ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ and find Defendant in contempt for its willful violations thereof.

## STATEMENT OF FACTS

### I.   THE PARTIES

Plaintiff SecureWorks is the owner of Registration No. 2,616,942 for the trademark SECUREWORKS covering the following goods: "Computer security equipment, namely security devices for firewall protection in computer networks, monitoring incoming and outgoing data carried by a computer network, detecting and reporting computer network intrusions, and computer network security management." That registration was issued by the USPTO on September 10, 2002 and is in full force and effect. Plaintiff uses this mark in connection with its business of providing computer network security services.

Defendant InternetTrust Foundation f/k/a Secure Networx Corp. is a Delaware corporation. As required by the  Judgment, Defendant had the corporate name changed on October 31, 2005, as reflected in the preceding sentence. (See Ex. E, Name Change Certificate). In addition, Defendant has registered "Secure Networx" as an extra-provincial company in British Columbia, Canada. (See Ex. F, Assignment and Certificate of Registration). An extra-provincial registration indicates that a company has registered to do business in a particular Canadian province, but does not create a separate corporate entity. (See Ex. G, Decl. of J. Wasserman and Appendix 1 thereto). On July 26, 2005, Defendant filed with the USPTO a purported "assignment" of Registration No. 2,934,034 for SECURE NETWORX "from Secure Networx Corp., a Delaware Corporation to Secure Networx Corp., the British Columbia registered

3

extraprovincial company." (See Ex. F). In other words, Defendant attempted to assign the SECURE NETWORX registration to itself. Notably, it did so only after the instant Complaint was filed by Plaintiff.

## II.  THE TERMS OF THE ███████████████████ JUDGMENT

The Judgment ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ Most importantly, the Judgment ████████████████ require Defendant and its principal, Adam Ezer, to:

> **voluntarily surrender United States Registration No. 2,939,034 for the claimed mark SECURE NETWORX for cancellation with prejudice.**

(D.I. 21 at ¶ 5(a), emphasis added; ████████████████). Further, under ███ the Judgment ████████████████, Defendant, Mr. Ezer, and "all of their officers, directors, shareholders, subsidiaries, related companies, franchisees, agents, employees, servants and all persons in active concert or participation with them" are prohibited from "interfering in any manner with the business of SecureWorks, including ... **petitioning to cancel ... any of plaintiff's marks including ... SECUREWORKS ...**" (D.I. 21 at ¶ 6(f), emphasis added; ████████████████). Similarly, Defendant, Mr. Ezer, and all of their "... related companies ..." are prohibited from "causing a third party, either directly or indirectly, to take any action that is prohibited to Secure Networx and Ezer [under the Judgment]." (D.I. 21 at ¶ 6(g); ████████████████).

4

In addition to these terms, in ███ the Judgment ████████████████, Defendant and Mr. Ezer expressly "represent that no individuals or entities other than Secure Networx own any rights in or to the SECURE NETWORX mark, including but not limited to all trademark, [or] service mark ... registrations or filings ...". (D.I. 21 at ¶ 7(a); ████████████). Moreover, the Judgment specifically provides that:

> In the event of any violation of any material provision of this Final Judgment On Consent by either Secure Networx or Ezer, plaintiff shall be entitled to **all costs and expenses** arising out of such violation, **including reasonable attorneys fees** paid or incurred by plaintiff in enforcing and in obtaining the performa[nce] of Secure Networx and/or Ezer of the terms of this Final Judgment On Consent in addition to any fines, damages or injunctive relief awarded by the Court."

(D.I. 21 at ¶ 8, emphasis added; ████████████). ████████████
████████████████████████████████
████████████████████

### III.  DEFENDANT'S IMPROPER ACTIONS

The ████████████ Judgment required Defendant to cancel the federal registration for SECURE NETWORX and cease all use of that mark. In connection therewith, Defendant executed a voluntary surrender of the federal registration for cancellation, which was sent to the USPTO by Plaintiff's attorney on or about November 25, 2005. (See Ex. H, Voluntary Surrender). On May 11, 2006 the USPTO cancelled the registration for SECURE NETWORX. (See Ex. I, USPTO Registration Status Report).

However, now -- ████████████████ -- Defendant (or its principal) has requested that the USPTO reinstate the cancelled

5

SECURE NETWORX registration[1] in violation of the Judgment ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2] (See Ex. B; Ex. D). In addition, Defendant (or its principal) has advised Plaintiff's counsel that it (or its principal) intends to file a petition with the USPTO to cancel Plaintiff's registration for SECUREWORKS, also in violation of the Judgment ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (See Ex. C). These actions are in bad faith and constitute direct violations of the Judgment ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## ARGUMENT

### I. DEFENDANT'S BREACH OF THE ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ JUDGMENT WARRANTS A FINDING OF CONTEMPT

Because of Defendant's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ violation of the Judgment, the Court should hold Defendant in contempt, award Plaintiff its attorneys' fees and costs in connection with this motion, enjoin Defendant from its breach of the Judgment ▮▮▮▮▮▮▮▮▮▮▮▮, and issue an order directing the USPTO not to reinstate Registration No. 2,939,034 for the mark SECURE NETWORX. To hold a defendant in civil contempt, a court "must find that the plaintiff established by clear and convincing evidence that the defendants violated the court's prior order." *Newark Branch, NAACP v. City of Bayonne*, 134 F.3d 113, 120 (3d Cir. 1998). To find civil contempt, a court must find that (1) a valid order of the court existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).

---

[1] Defendant's request to the USPTO to reinstate the registration and all subsequent correspondence was never served on Plaintiff.

[2] In late July 2006, the USPTO did, in fact, briefly reinstate the registration, apparently based on Mr. Ezer's correspondence. But, a few days later the registration was cancelled after Plaintiff's counsel contacted the USPTO to inquire about the reinstatement. (See Ex. J, Decl. of K. Sharkin).

6

Here, a valid order exists -- namely, the Judgment On Consent. Further, it is indisputable that Defendant has and has had knowledge of the Order as Defendant signed it prior to its submission to the Court and as it was entered by the Court (and returned to the parties) on or around October 21, 2005. Finally, as set forth above, Defendant has disobeyed the order by (1) attempting to reinstate the SECURE NETWORX registration that was required to be cancelled under the Judgment, and (2) threatening to petition to cancel Plaintiff's registration for SECUREWORKS.

Based on Defendant's communications, Plaintiff anticipates that Defendant will argue that the voluntary surrender for cancellation executed by Defendant ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ was invalid because, in Defendant's view, Defendant did not own the registration at the time of the ▇▇▇▇▇▇▇▇▇▇▇▇▇ Judgment. In particular, Defendant contends that it had assigned the registration to "Secure Networx," a Canadian corporation, prior to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ entry of the Judgment. Even if this were an accurate description, which it is not,[3] Defendant is still ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in violation of the Judgment for several reasons.

First, if Defendant did not, in fact, own the rights to the SECURE NETWORX registration at the time of ▇▇▇▇▇▇▇▇▇▇▇▇▇ and Judgment, then it misrepresented its exclusive ownership to the Court and Plaintiff, by expressly representing that "no individuals or entities other than [Defendant] own any rights in or to the SECURE

---

[3] A search of the Canadian corporations records shows that the only "Secure Networx" registered in Canada is an "extra provincial registration" for Defendant, a Delaware corporation. (See Ex. F; Ex. G, and Appendix). This is similar to a U.S. corporation registering to do business in a state other than the state of incorporation, and does not signify the existence of a separate business incorporated in Canada. (See id.). In other words, there is no Canadian "Secure Networx" corporation separate and apart from the Secure Networx corporation incorporated in Delaware.

7

NETWORX mark...." (D.I. 21 ¶ 7(a)). Second, under the Judgment ███████ ███████, by affirmatively seeking reinstatement of the cancelled mark, Defendant is seeking to cause "a third party [i.e., the alleged Canadian Secure Networx], either directly or indirectly, to take [an] action that is prohibited" to Defendant. (D.I. 21 ¶ 6(g)). Third, even assuming that a separate Canadian Secure Networx entity exists, it is "related" to Defendant by virtue of the fact that they are the same business and Mr. Ezer, who is the "President and Director" of Defendant (see D.I. 9 at 1), is also the self-described "sole director" of the alleged Canadian corporation. (See Ex. D, Feb. 17, 2006 Correspondence from A. Ezer to USPTO). In addition, Mr. Ezer individually is a signatory to the Judgment ████████████████ and thus is bound by their terms. As such, Defendant's actions before the USPTO are in direct violation of paragraph 6 of the Judgment ████████████████████████.

Importantly, while a willful violation of the court order is not necessary to a finding of civil contempt, *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994), Defendant's actions herein and over the last four years, make it clear that the Defendant's actions are in bad faith. Id. Accordingly, even if Defendant could claim that it is acting in good faith, that would not save Defendant from a finding of contempt.

## II. <u>SANCTIONS</u>

Determining the appropriate sanctions for contempt is within the sound discretion of the trial court. See *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992). Monetary sanctions should be an amount that will coerce compliance with the Court's order but may not exceed the actual damage suffered by the moving party. See id.; *Robin Woods*, 28 F.3d at 400 ("Sanctions for civil contempt serve two purposes: to coerce the defendant

8

into compliance with the court's order and to compensate for losses sustained by the disobedience.") (internal punctuation omitted).

In this case, Plaintiff has fully complied with the terms of the ▮▮▮▮ ▮▮▮▮ Judgment and has not done anything to engage Defendant. Given Defendant's continued wrongful behavior, it is important that the Court enforce the Judgment and ensure that Defendant fully understands its obligations thereunder. In that regard, the Judgment ▮▮▮▮ expressly provide for Plaintiff to recover costs and expenses, including attorneys' fees, "paid or incurred by plaintiff in enforcing and in obtaining the performa[nce] of Secure Networx and/or Ezer of the terms of [the Judgment]." (D.I. 21 at ¶8). Defendant's breach of the Judgment ▮▮▮▮ ▮▮▮▮ is indisputable. Thus, an award of Plaintiff's attorneys' fees and costs in prosecuting this motion to enforce the Judgment ▮▮▮▮ is justifiable and appropriate.

Similarly, it would be appropriate for this Court to enter an order directing the USPTO not to reinstate the SECURE NETWORX registration (or to cancel it, if it is reinstated during the pendency of this Motion) and enjoining Defendant from petitioning the USPTO to cancel Registration No. 2,616,942 for SECUREWORKS or any other registration owned by Plaintiff or seeking to oppose any application of Plaintiff or interfere in any manner with Plaintiff's business. This would ensure that the critical requirements of the Judgment ▮▮▮▮ pertaining to Defendant's trademark registration and Plaintiff's business are effectuated. ▮▮▮▮ ▮▮▮▮▮▮▮▮. Moreover, such a Court order should put an end to Defendant's continuing bad faith

9

actions toward Plaintiff. Further, such an order is within the Court's jurisdiction. See 15 U.S.C. § 1119 ("In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action"); *Marshak v. Treadwell*, 240 F.3d 184, 193 (3d Cir. 2001); *Harris v. Levine*, No. 82-1847, 1993 U.S. Dist. LEXIS 7850, at *10 (E.D. Pa. Jun. 14, 1993) (District courts possess the "power to enforce an order, including a consent decree, if it is determined that a party is in contempt") (Ex. K hereto).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and enter an order:

(1) finding Defendant in contempt for its ▇▇▇▇▇▇▇▇▇▇▇▇ violation of the Judgment on Consent;

(2) awarding Plaintiff its attorneys' fees and costs associated with the prosecution of this motion and enforcement of the ▇▇▇▇▇▇ Judgment on Consent, as well as any other monetary sanctions that this Court deems just and proper;

(3) enjoining Defendant from petitioning the United States Patent and Trademark Office to cancel any registration owned by Plaintiff, including without limitation Registration No. 2,616,942 for SECUREWORKS; and

(4) directing the United States Patent and Trademark Office not to reinstate Registration No. 2,939,034 for SECURE NETWORX, or to

cancel said registration if it has been reinstated during the pendency of this Motion.

                POTTER ANDERSON & CORROON LLP

OF COUNSEL

By:  */s/ Richard L. Horwitz*

Keith E. Sharkin                   Richard L. Horwitz (#2246)
Jill Wasserman                   James M. Kron (#3898)
King & Spalding LLP          Hercules Plaza, 6th Floor
1185 Avenue of the Americas   1313 North Market Street
New York, New York 10036    Wilmington, DE 19801
Telephone: (212) 556-2100      Telephone: (302) 984-6000
Facsimile: (212) 556-2222       Facsimile: (302) 658-1192
                                     rhorwitz@potteranderson.com
Dated: August 29, 2006          jkron@potteanderson.com
Public Version Dated: September 5, 2006

*Attorneys for Plaintiff SecureWorks, Inc.*

748730

11

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1.1, the undersigned hereby certifies that counsel for Plaintiff has by e-mail dated August 28, 2006 made reasonable efforts to reach an agreement with Defendant regarding the matters set forth in this motion.

This 29th day of August, 2006.

Public Version Dated:   September 5, 2006

*/s/ Richard L. Horwitz*
Richard L. Horwitz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 5, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

I hereby certify that on September 5, 2006, I have delivered via International Air Mail the documents to the following non-registered participants:

Mr. Adam J. Ezer
President
Secure Networx Corp.
114-3755 West 6th Avenue
Vancouver, British Columbia
CANADA  V6R 1T9

By: /s/ Richard L. Horwitz
Richard L. Horwitz
James M. Kron
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
jkron@potteranderson.com

696149