Internettrust Foundation
114-3755 West 6th Avenue
Vancouver, British Columbia
V6R 1T9
Canada

September 22, 2006

Honorable Joseph J. Farnan, Jr.
United States District Court
 for the District of Delaware
Federal Building, Room 4209
844 King Street
Wilmington, DE 19801

      Re:     Secureworks v. Internettrust Foundation 05-CV-538 JJF

Dear Judge Farnan:

Further to my letter of September 14, 2006, I write on behalf of the Defendant in the above captioned action.

The parties had stipulated to an extension of time for the Defendant to respond to the Plaintiff's motion, to allow for settlement attempts by the parties. I received a draft agreement on Tuesday September 19, 2006, and the parties continued to communicate towards settlement until yesterday.

The Defendant passed a resolution today relating to the outstanding motion, a copy of which is attached to this letter. Pursuant to this resolution I have contacted the United States Patent and Trademark Office ("USPTO") to request that the mark at issue remain cancelled. This was requested by the Plaintiff as a term of settlement. This letter has been faxed to the USPTO, and is appended to the Director's resolution.

Further, pursuant to the resolution, I respectfully request that the Plaintiff's motion be dismissed (or alternatively, stayed) on the basis that the Plaintiff has failed to comply with Local Rule 7.1.1 or the terms of our settlement agreement, unnecessarily filing their motion without notice to the Defendant. Alternatively, I respectfully request at least 30 days for the Defendant to obtain local counsel, for the reasons set out in the resolution.

**Non-Compliance with Local Rule 7.1.1 and the Terms of the Settlement Agreement**

The basis for the Defendant's request that the Plaintiff's motion be dismissed (or stayed), is that the Defendant received no notice pursuant to Local Rule 7.1.1.

The settlement agreement between the parties, as filed with the Court, states that:

"**Notices.** All correspondence and notices relating to this Agreement shall be sent...for Secure Networx and Ezer to:

    Mr. Adam J. Ezer
    Secure Networx Corp. (or InternetTrust)
    114-3755 West 6th Avenue
    Vancouver, BC V6R 1T9
    Canada"

In the Certificate of Compliance with Local Rule 7.1.1 filed by Richard L. Horwitz, it is stated that the Plaintiff "has by email dated August 28, 2006 made reasonable efforts to reach an agreement with Defendant regarding the matters set forth in this motion."

Mr. Horwitz, in completing the Certificate of Service for the motion, acknowledges that he used the physical address of the company, as stated in the settlement agreement.

The "Notice" of August 28, 2006, in addition to not being sent to the agreed upon physical address of the Defendant, was sent in reply to a communication sent 17 days earlier on August 11, 2006. It was sent at 11:07 am Eastern time, requiring a response "by the close of business today". A copy of the email, sent to me on September 7, 2006, is attached to this letter.

The "Notice" stated that the motion would not be filed if the Defendant agreed to withdraw its "request to reinstate Reg. No. 2, 939, 034 for SECURE NETWORX", and "not to file a petition for the cancellation against our client's registration for SECUREWORKS".

The Defendant has advised the Plaintiff that it is agreeable to these conditions. However, the Defendant did not have the opportunity to respond. The notice was not sent to the agreed upon address, and the email was only received after the motion and supporting documents were received on September 5, 2006, after I contacted Mr. Sharkin.

As the Defendant will have to liquidate its assets in order to respond to the motion, and as Local Rule 7.1.1 and the clear terms of the settlement agreement that the Plaintiff seeks to enforce have not been complied with by the Plaintiff, it is respectfully requested that the Plaintiff's motion be dismissed or stayed. Alternatively, it is respectfully requested that the Plaintiff be directed to send their notice to the address agreed to by the parties, and/or to direct the Plaintiff to allow for a reasonable time for response to the notice of the Defendant.

                                                 Respectfully Submitted,

                                                 Adam Joseph Ezer
                                                 President

**SECURE NETWORX CORP.**

**Action of Director
By Written Consent
In Lieu of Meeting**

**September 22, 2006**

The undersigned, being the sole Director of Secure Networx Corp., a Delaware corporation (the "**Company**"), hereby adopts the following recital and resolutions by execution of this written consent in lieu of meeting:

**WHEREAS,** the company is the party to an action against it by SecureWorks Inc., in the United States District Court for the District of Delaware, action number 05-538 (JJF) ("the Action");

And whereas relief is sought against the Company in the Action, including findings of contempt of court and sanctions ("the Motion");

And whereas the Company was previously granted 30 days to secure local counsel in the Action by the Honourable Joseph J. Farnan, Jr., the presiding Judge in the Action;

And whereas the Company did not need to secure local counsel, as a settlement was reached between the parties to the Action;

And whereas the Company only learned of the Motion on September 5, 2006, SecureWorks Inc. having failed to comply with the terms of the Settlement Agreement stipulating for notices to be sent to the Company's address;

And whereas neither the Company nor the undersigned Director received the "Notice" sent pursuant to Local Rule 7.1.1 until a copy was sent on September 7, 2006, said notice having not been sent to the address agreed to by the parties for all notices and correspondence related to the settlement agreement in the Action (the Settlement Agreement);

And whereas the parties to the Action stipulated for an extension of time for the Company's response until September 25, 2006 to allow for settlement attempts without the need for the hearing of the Motion;

And whereas the parties to the Action could not reach an agreed upon settlement despite the best efforts of the undersigned Director;

And whereas SecureWorks Inc. requested during settlement discussions that the Company write to the United States Patent and Trademark Office (USPTO) to request that the mark SECURE NETWORX (Registration Number 2,939,034) remain cancelled;

And whereas the Company does not have counsel in the United States or in Delaware (Richard L. Morris, having only been hired to submit the Company's trademark applications and take correspondence for the company), and would require a liquidation of its assets to hire counsel to properly defend the Motion;

**NOW, THEREFORE, BE IT**

**RESOLVED,** The undersigned Director shall write the presiding Judge in the Action asking the Motion be dismissed on the basis that Local Rule 7.1.1 and the terms of the Settlement Agreement have not been adhered to by the moving Plaintiff, SecureWorks Inc.

**FURTHER, RESOLVED,** The undersigned Director shall write the presiding Judge in the Action asking for at least 30 days to obtain local counsel, in the event that the Motion requires a response;

**FURTHER, RESOLVED,** In the event the Motion requires a response, and the Company is allowed an extension of time to respond, that the Company shall immediately seek a liquidation of its assets, and the winding up of the Company if this is advised by legal counsel;

**FURTHER, RESOLVED,** In the event the Motion requires a response, and the Company is allowed an extension of time to respond, the Company shall retain local counsel to respond to the Motion as soon as possible;

**FURTHER, RESOLVED,** the undersigned Director shall immediately write to the USPTO pursuant to the request of SecureWorks Inc., requesting that the mark SECURE NETWORX (Registration Number 2,939,034) remain cancelled;

Adam Ezer
President and Director