**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SECUREWORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-538 (JJF) |
| v. | ) |
| | ) |
| INTERNETTRUST FOUNDATION | ) |
| f/k/a SECURE NETWORX CORP., | ) |
| | ) |
| Defendant. | ) |

**APPENDIX TO DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR CONTEMPT, SANCTIONS,**
**AND TO ENFORCE THE JUDGMENT ON CONSENT**

Michael W. Arrington (DE ID #3603)
PARKOWSKI, GUERKE & SWAYZE P.A.
800 King Street, Suite 203
Wilmington, DE 19801
Telephone: (302) 594-3333
Facsimile: (302) 654-3033
marrington@pgslegal.com
*Attorneys for Defendant Internettrust Foundation*

Dated:  October 27, 2006

## TABLE OF CONTENTS

DECLARATION OF ADAM JOSEPH EZER.................................................................... 3

EXHIBIT A:  9/22/06 Fax from Adam Ezer to USPTO...................................................... 7

EXHIBIT B: March 26, 2004 USPTO Decision ................................................................ 8

EXHIBIT C: April 5, 2004 USPTO Decision .................................................................. 17

EXHIBIT D: August 13, 2004 letter from Plaintiff's counsel to Defendant .................... 22

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SECUREWORKS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **C.A. No. 05-538 (JJF)** |
| **v.** | ) |
| | ) |
| **INTERNETTRUST FOUNDATION** | ) |
| **f/k/a SECURE NETWORX CORP.,** | ) |
| | ) |
| **Defendant.** | ) |

## DECLARATION OF ADAM JOSEPH EZER

I, Adam Joseph Ezer, declare as follows:

1.      I am the President and Director of Defendant, Internettrust Foundation, in the above-captioned matter. I submit this declaration in support of Defendant's Response to Plaintiff's Motion For Contempt, Sanctions, And To Enforce The Judgment On Consent ("Motion for Contempt"). I have personal knowledge of the facts set forth in this declaration. I am over eighteen years of age and am competent to testify as to all matters herein.

2      Attached to this Declaration as Exhibit A is a true and accurate copy of a letter from myself to Rodney Makel at the United States Patent and Trademark Office (USPTO), dated September 22, 2006, reflecting my agreement to follow the request of Plaintiff and confirm that the mark SECURE NETWORX remain cancelled.

3

3.      At no time did I or did Defendant knowingly or willfully violate an
Order of this Court, or the Settlement Agreement between the parties. My
correspondence to the USPTO regarding the mark SECURE NETWORX was sent out of
a genuine belief that the original voluntary surrender for the mark was signed in error. I
was subsequently advised by the USPTO that the voluntary surrender was considered to
have been filed by the British Columbia extra-provincial company Secure Networx
Corp., and not by Defendant.


4.      At the time of signing the voluntary surrender for the mark
SECURE NETWORX, I believed that Defendant still owned all rights to the mark. I had
requested a transfer of all rights to the British Columbia registered extra-provincial
company Secure Networx Corp. in July 2005, however I had been advised at that time
that the transfer could take months to process. When I learned that the transfer had
occurred before the voluntary surrender had been signed, I immediately contacted
Rodney Makel who advised me to write to the USPTO over the matter, which I did.


5.      Attached to this Declaration as Exhibit B is a true and accurate
copy of a decision of the USPTO, dated March 26, 2004 involving the parties to this
action. In this decision, at page 5, the Board, referring to Defendant, states that "The
Board, however, finds that applicant has not been guilty of bad faith or negligence..."
The Board went on to declare Plaintiff's motion for discovery sanctions "moot".

6.      Attached to this Declaration as Exhibit C is a true and accurate copy of a decision of the USPTO, dated April 5, 2004 involving the parties to this action. The Board stated in this decision, at page 2, referring to Defendant that "we find that opposer has not been guilty of negligence or bad faith and (this being the first requested extension) has not abused the privilege of extensions."

7.      Attached to this Declaration as Exhibit D is a true and accurate copy of a letter dated August 13, 2004 from counsel for Plaintiff to myself. In this letter, Amanda Laura Nye states that emails sent to Defendant's "hotmail" address could not be delivered.

8.      I did not receive the email sent by Keith Sharkin to my personal email address, sent pursuant to Local Rule 7.1.1, until a copy was subsequently sent in September, 2006. Had I received the email of August 28, 2006, I would have immediately confirmed the requirements of Keith Sharkin, avoiding the filing of this motion.

9      I attempted to resolve this motion with counsel for Plaintiff. In order to resolve this motion, Defendant required that I sign separately for Defendant and for the extra-provincial company incorporated in British Columbia. I was prepared to do this, however Plaintiff required terms that Defendant could not meet, including the payment of $25,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Executed this October 26th, 2006, at Winnipeg, Manitoba, Canada.

Adam Joseph Ezer

# EXHIBIT A

**Internettrust Foundation**
114-3755 West 6th Ave.
Vancouver, BC, V6R1T9
(778) 371-9182 Tel.

| To: | Rodney Makel -- USPTO Post Registration | From: | Adam J. Ezer, President |
|---|---|---|---|
| Fax: | (571) 273-9500 | Pages: | 1 |
| Phone: | (571) 272-9539 | | 09/22/2006 |
| Re: | **Secure Networx 2,939,034** | | |

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Dear Mr. Makel:

Pursuant to my previous correspondence, I write to advise that on behalf of Secure Networx Corp., a British Columbia extra-provincial company, and on behalf of the Delaware corporation Internettrust Foundation, it is hereby requested that the above captioned mark remain cancelled.

I had written to you in February when I realized that the cancellation materials submitted on behalf of the Delaware corporation were incorrect in stating that all rights and interest to the mark were owned by the Delaware corporation. In fact, the assignment of all rights to the British Columbia extra-provincial company appeared to have taken place immediately on July 26, 2005, before the cancellation materials were submitted. I had been advised that this process could take months to complete.

In any event, the matter now appears resolved. Ms. Pressey advised that the cancellation materials were taken by the USPTO to have been submitted by the owner of the rights and interest, the "Canadian" company. Mr. Sharkin, a lawyer for SecureWorks Inc., advised me, and has filed court documents alleging, that there was no transfer of rights to a separate entity (the British Columbia extra-provincial company). Mr. Sharkin requested that this request for the mark to remain cancelled be submitted to the USPTO, despite the fact that the mark appears to be permanently cancelled.

While these two explanations are very different, the fact remains that the cancellation materials submitted have been accepted by the USPTO, having considered my concerns over who actually owned all rights and interest to the mark. Thank you for your assistance.

Yours truly,

Adam Ezer

8

# EXHIBIT B

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3513**

Baxley

Mailed:   March 26, 2004

Opposition No. **91125887**

SECUREWORKS, INC

v

SECURE NETWORX CORP.

**Andrew P. Baxley, Interlocutory Attorney:**

On March 1, 2004, applicant sent by certificate of
mailing with Canada Post a motion to extend time to comply
with the Board's January 29, 2004 order compelling
discovery.[1]  On March 22, 2004, opposer filed a brief in
opposition thereto into which it incorporated a motion for
discovery sanctions under Trademark Rule 2.120(g)(1) [2]

The Board notes initially that the certificate of
mailing procedure is limited to papers deposited with the

---

[1] Although not clearly stated, the Board  in view of the timing
of the filing of applicant's motion, construes it as one to
extend time to comply with the January 29, 2004 order.

[2] Opposer's attorney contacted the above-signed Board attorney on
March 25, 2004 to inquire as to whether applicant's motion could
be resolved by telephone conference.  See TBMP Section 502 06(a)
(2d ed. June 2003).  Inasmuch as opposer had already filed its
brief in opposition to applicant's motion and motion for
discovery sanctions, the Board attorney  in his discretion,
determined that the motion could be decided based on the papers
already submitted   See TBMP Section 107 (2d ed. June 2003).
Opposer's attorney transmitted by facsimile a copy of opposer's
brief in opposition on March 25, 2004.  Accordingly, the Board
will consider applicant's motion on an expedited basis

Opposition No 91125887

U.S. Postal Service and may not be used for mail sent to the
USPTO that was deposited with Canada Post or any other
foreign postal system. See Trademark Rule 2.197; TBMP
Section 110 (2 (2d ed  June 2003)

However, the Board notes that applicant's motion would
have had a March 1, 2004 filing date if applicant had sent
it by way of the Electronic System for Trademark Trials and
Appeals ("ESTTA") and that applicant, which is representing
itself herein, had previously filed papers in this
proceeding by certificate of mailing with Canada Post
without being admonished that it cannot use the certificate
of mailing procedure for papers sent to the Board by Canada
Post  See TBMP Section 109 (2d ed  June 2003)  The Board
further notes that opposer, in its brief in opposition, did
not argue that, inasmuch as applicant's use of the
certificate of mailing procedure was improper, the motion to
extend time to comply with the January 29, 2004 order was
actually filed after the expiration to so comply and thus
should be treated as a motion to reopen time to comply with
the January 29, 2004 order. Accordingly, the Board will
consider applicant's motion as having been sent by
certificate of mailing procedure on March 1, 2004 and thus
will treat the motion as a timely filed motion to extend.
Any further papers that applicant files by certificate of

2

**Opposition No. 91125887**

mailing with Canada Post will, for timeliness purposes, be
considered filed on the date that the USPTO receives them [3]

Turning to applicant's motion to extend, applicant
contends that it requires the return of papers that it
already produced to opposer before it can comply with the
January 29, 2004 order; that applicant's president, its sole
representative in this proceeding, has law school
obligations until May 2006 that will present an ongoing
scheduling conflict with this proceeding; that the time
necessary for applicant's president to review and become
familiar with the applicable law in this proceeding and
Opposition No. 91155068,[4] in which the parties are also
involved, is significant; that opposer has repeatedly sent
papers to applicant at an incorrect address; and that
applicant has not previously sought any extensions.
Applicant submitted a declaration of its president, Adam J.
Ezer, in support of its motion  Accordingly, applicant asks
that its time to comply with the Board's January 29, 2004
order be extended by sixty days.

In opposition thereto, opposer contends that
applicant's motion consists merely of a series of vague and

---

[3] Applicant is advised to use ESTTA for all filings in connection
with this proceeding.  See http://estta.uspto.gov/ regarding
procedures for filing papers online by ESSTA

[4] Inasmuch as Opposition No. 91155068 involves different issues
of law and fact than those presented herein, the two proceedings
have not been consolidated.  See Fed. R. Civ. P. 42(a); TBMP
Section 511 (2d ed. June 2003).

3

**Opposition No. 91125887**

conclusory statements and excuses that do not constitute good cause for the extension sought; that applicant has failed to make any effort to comply with the January 29, 2004 order; that opposer, not applicant, initiated steps to return the produced documents to applicant; that opposer's courier attempted delivery of said documents to applicant on February 27, 2004, but that applicant's president would not accept delivery; and that, after applicant's president requested that the documents be held applicant did not pick up the documents until two weeks thereafter    Opposer has submitted a declaration of Diana Brown, a paralegal for opposer's attorneys, which details opposer's efforts to return documents to applicant so that applicant could number and label said documents in accordance with the January 29, 2004 order.[5]    Accordingly, opposer asks that the Board deny applicant's motion to extend and enter sanctions against applicant under Trademark Rule 2.120(g)(1) for failure to comply with the Board's January 29, 2004 order

The standard for allowing an extension of a prescribed period prior to the expiration of that period is "good cause."    See Fed. R. Civ P  6(b) and TBMP section

---

[5] Ms  Brown's declaration sets forth in detail actions taken with regard to those documents    However, the declaration is based upon conversations with Federal Express employees who reviewed the delivery log with regard to the package in which documents were returned to applicant, rather than her personal knowledge. Accordingly, those statements are hearsay and have been accorded appropriate probative weight.   See F.R.E  602

4

509 01(a). The Board is somewhat liberal in granting extensions before the period to act has lapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused. See, e.g., *American Vitamin Products, Inc. v. DowBrands Inc.*, 22 USPQ2d 1313 (TTAB 1992).

The Board's January 29, 2004 order unequivocally directed applicant to take certain actions within thirty days thereof As such, it was incumbent upon applicant to take appropriate steps upon receipt thereof so that it could comply fully with that order in a timely manner The Board, however, finds that applicant has not been guilty of bad faith or negligence and, in view of the fact that applicant's motion marks the first time that applicant has sought an extension in this proceeding, finds that applicant has not abused the privilege of extensions. Accordingly, the Board finds that applicant has shown good cause for the extension it seeks, albeit for less than sixty days

In view thereof, applicant's motion to extend is hereby granted to the extent that applicant is allowed until **thirty days** from the mailing date of this order to comply fully with the January 29, 2004 order [6] Opposer's motion for

---

[6] In view of opposer's opposition to applicant's motion, applicant is advised that no further extensions of time to comply with the January 29, 2004 order will be permitted without either opposer's consent thereto or a showing of extraordinary circumstances

5

**Opposition No. 91125887**

discovery sanctions under Trademark Rule 2.120(g)(1) is moot

Notwithstanding the foregoing, the Board notes applicant's business decision to have Adam J. Ezer serve as its sole representative in this proceeding and Opposition No. 91155068, while he is both attending law school and serving as applicant's president. While the Board is not without sympathy for the conflicting demands placed upon a working law student, it is also justified in enforcing its schedules and procedural deadlines. Cf. *Hewlett-Packard Co. v. Olympus Corp.*, 931 F.2d 1551, 1554, 18 USPQ2d 1710, 1713 (Fed. Cir. 1991). Moreover, opposer is entitled to have this proceeding resolved without undue delay.[8] Accordingly, applicant is advised that it cannot expect to be able to rely upon its president's law school and business obligations as a basis for extensions throughout this proceeding.

---

Opposer's remedy for applicant's failure to comply with this order is to file a motion for discovery sanctions under Trademark Rule 2.120(g)(1).

[7] While Patent and Trademark Rule 10.14 permits any person to represent itself, a party that chooses to represent itself in a Board inter partes proceeding is expected to comply strictly with the Trademark Rules of Practice, the Federal Rules of Civil Procedure, as well as all deadlines set by the Board and under the applicable rules.

[8] The Board notes that the discovery requests at issue in the January 29, 2004 order have been pending for more than fourteen months. Opposer is entitled to responses thereto without further delay.

6

**Opposition No. 91125887**

Discovery and trial dates are hereby reset as follows:

DISCOVERY PERIOD TO CLOSE:                          **6/4/04**

Plaintiff's thirty-day testimony period to close:        **9/2/04**

Defendant's thirty-day testimony period to close:      **11/1/04**

Plaintiff's fifteen-day rebuttal period to close         **12/16/04**

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129

7

# EXHIBIT C

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3513**

Mailed:  April 5, 2004

Opposition No. **91155068**

SECURE NETWORX

v.

SecureWorks, Inc.

**Frances S. Wolfson, Interlocutory Attorney:**

On March 8, 2004, opposer filed a motion to extend the discovery and trial dates in this case.  Applicant filed a brief in opposition to the motion.[1]

Because opposer's motion has been construed as having been filed on the date of expiration of the discovery period (see footnote below), opposer need only show good cause for the requested extension.  See Fed. R. Civ. P. 6(b); and TBMP §509.01(a) (2d ed. June 2003).  The Board is somewhat

---

[1] Opposer filed his motion on March 1, 2004 (the last day of the discovery period) but the motion was not received by the Board until March 8, 2004. Inasmuch as the certificate of mailing was not in compliance with Trademark Rule 2.197(a)(1) (because it was deposited with Canada Post and not the U.S. Postal Service), the actual date of receipt is the operative date of opposer's motion, making it technically not a motion to extend but rather a motion to reopen. See Fed. R. Civ. P. 6(b). Because, however, opposer is acting *pro se,* has not yet been admonished in this proceeding that it may not rely on the certificate of mailing procedure when filing papers with the Canada Post, and because the parties have treated opposer's motion as a motion to extend, opposer's motion has been so construed. In the future however, papers filed by opposer via Canada Post shall be accorded their actual receipt date. Opposer should file papers with the Board via ESTTA (Electronic System for Trademark Trials and Appeals).

liberal in granting extensions before the period to act has lapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused. See, e.g., *American Vitamin Products, Inc. v. DowBrands Inc.*, 22 USPQ2d 1313 (TTAB 1992).

In support of its motion, opposer submitted the declaration of its president, Adam J. Ezer, who states that his law school activities and study of trademark law "have taken a vast amount of time which would otherwise have spent [sic] in furtherance of discovery of Applicant." *Adam Joseph Ezer Declaration in Support of Opposer's Motion to Extend Discovery and Testimony Periods,* para. 5. Applicant, on the other hand, argues that opposer has not shown that it has taken any steps to meet the existing discovery deadline and in fact propounded discovery requests on applicant within the current deadline.

Upon careful consideration of the facts and arguments presented by the parties, we find that opposer has not been guilty of negligence or bad faith and (this being the first requested extension) has not abused the privilege of extensions.[2] Moreover, there does not appear to be any measurable prejudice to applicant in granting the requested

---

[2] In its brief, opposer argues that applicant has "received a much longer discovery period than opposer." This is entirely inaccurate. Opposer is reminded that parties, as well as their attorneys, are prohibited from advancing arguments that are known to be inaccurate or misleading. See Fed. R. Civ. P. 11.

2

extension, the delay is not significant, and the impact on judicial proceedings is minimal. See *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993); and *Pumpkin, Ltd. v. The Seed Corps*, 43 USPQ2d 1582 (TTAB 1997).

Accordingly, opposer's motion to extend the close of the discovery period and subsequent trial dates is hereby granted.[3]

Trial dates, including the closing date for discovery, are reset as indicated below.

| | |
|---|---|
| DISCOVERY PERIOD TO CLOSE: | **May 30, 2004** |
| 30-day testimony period for party in the position of plaintiff to close: | **August 28, 2004** |
| 30-day testimony period for party in the position of the defendant to close: | **October 27, 2004** |
| 15-day rebuttal period for party in the position of the plaintiff to close: | **December 11, 2004** |

**IN EACH INSTANCE**, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party **WITHIN THIRTY DAYS** after completion of the taking of testimony. Trademark Rule 2.125.

---

[3] Notwithstanding the foregoing, as noted in the parties' companion opposition (Opposition No. 91125887), opposer should not expect that it can rely upon its president's scheduling conflicts as a basis for obtaining any further extensions in this case. See TBMP § 509.01 (2d ed. June 2003) and authorities cited in that section.

3

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

## New Developments at the Trademark Trial and Appeal Board

- Files of TTAB proceedings can now be examined using TTAB Vue, accessible at http://ttabvue.uspto.gov. After entering the 8-digit proceeding number, click on any entry in the prosecution history to view that paper in PDF format Papers filed prior to January 2003 may not have been scanned. Unscanned papers remain available for public access at the TTAB. For further information on file access, call the TTAB at (703) 308-9330.

- Papers can now be filed using ESTTA (Electronic System for Trademark Trials and Appeals). See http://estta.uspto.gov/ regarding procedures for filing papers online using ESTTA.

- Parties should also be aware of recent changes in the rules affecting trademark matters, including the rules of practice before the TTAB. *See* Rules of Practice for Trademark-Related Filings Under the Madrid Protocol Implementation Act, 68 Fed. R. 55,748 (September 26, 2003) (effective November 2, 2003) (www.uspto.gov/web/offices/com/sol/notices/68fr55748.pdf); Reorganization of Correspondence and Other Provisions, 68 Fed. Reg. 48,286 (August 13, 2003) (effective September 12, 2003) (www.uspto.gov/web/offices/com/sol/notices/68fr48286.pdf)

- The second edition (June 2003) of the Trademark Trial and Appeal Board Manual of Procedure (TBMP) has been posted on the USPTO web site at www.uspto.gov/web/offices/dcom/ttab/tbmp/

4

# EXHIBIT D

# KING & SPALDING LLP

191 Peachtree Street
Atlanta, Georgia 30303-1763
www.kslaw.com

Amanda Laura Nye
Direct Dial: 404/572-4636
Direct Fax: 404/572-5145
anye@kslaw.com

August 13, 2004

**VIA AIR MAIL**
Mr. Adam Ezer
President
Secure Networx Corp
Suite 1
1-3495 West 4th Ave.
Vancouver, British Columbia
CANADA V6R 1N7

      Re:    U.S. Opposition No. 91155068
              *Secure Networx V. Secureworks*
              Our Reference: 07609.113002

Dear Adam:

      I am enclosing copies of my e-mails that I attempted to send to you today at trademarkoppositions@hotmail.com. I am also enclosing copies of the delivery status notification for each. Both e-mails were returned as failed deliveries.

      We await the return of the Protective Order, executed and dated by you on behalf of Opposer. As I mention in the enclosed e-mail, if you let me know when you place the executed Protective Order in the mail, I will ask my secretary to look for receipt of them. In the meantime, please let us know if you have any questions.

              Very truly yours,

              Amanda Laura Nye

ALN/
Enclosure
cc:    Mr. Michael Vandiver
       Keith E. Sharkin, Esq.
ATL_IMANAGE-3530741-5700-07609 113002

## Nye, Amanda

**From:** postmaster@mail.hotmail.com
**Sent:** Friday, August 13, 2004 11:51 AM
**To:** Nye, Amanda
**Subject:** Delivery Status Notification (Failure)


ATT173270.txt
(510 B)


US Opposition No.
91155068 Sec...


ATT173273.txt (66
B)

This is an automatically generated Delivery Status Notification.

Delivery to the following recipients failed.

      trademarkoppositions@hotmail.com