IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECUREWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-538-JJF |
| ) | |
| SECURE NETWORX CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**FINAL JUDGMENT ON CONSENT IN CONNECTION WITH PLAINTIFF'S MOTION FOR CONTEMPT, SANCTIONS, AND TO ENFORCE THE JUDGMENT ON CONSENT**

Plaintiff, SecureWorks, Inc. (hereinafter referred to as "SecureWorks"), having filed a Motion For Contempt, Sanctions, And To Enforce The Judgment On Consent ("Motion") (D.I. 22-24) against defendant, Secure Networx Corp. a/k/a Internettrust Foundation (hereinafter collectively referred to as "Secure Networx"), and defendant having been served with the Motion, and having consented to the entry of the within Final Judgment on Consent ("Consent Judgment") against it, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.  The jurisdiction of the Court is founded, in part, on Sections 32(1) and 43(a) of the Trademark Act of July 5, 1946 (the Lanham Act), as amended (15 U.S.C. §§1114(1) and 1125(a)), and as such, has subject matter jurisdiction on the federal claims in the Complaint under United States Code, Title 15, Section 1121 and Title 28, Sections 1331 and 1338 (15 U.S.C. §1121; 28 U.S.C. §§1331 and 1338). This Court has original and supplemental jurisdiction over the related claims for common law trademark infringement, unfair competition,

misappropriation and the claims for relief under Delaware statutory law under United States Code, Title 28, Sections 1338(b) and 1367 (28 U.S.C. §§1338(b) and 1367). Venue properly lies in the District of Delaware under United States Code, Title 28, Section 1391(b) (28 U.S.C. §1391(b)).

    2.    This Court has jurisdiction over the plaintiff, the defendant (including Secure Networx Corp. registered in British Columbia, Canada as an extra-provincial company ("SN Canada") and any related companies formed, recognized, or otherwise existing in any jurisdiction that presently exists or that may exist in the future ("Related Companies")), with each of the parties consenting to such jurisdiction by its execution of this Consent Judgment. Moreover, this Court has continuing jurisdiction as to SecureWorks, Secure Networx, and defendant's principal Adam Ezer ("Ezer") in accordance with a prior Final Judgment on Consent entered on October 21, 2005 (D.I. 21) and the incorporated Settlement Agreement.

    3.    Secure Networx, SN Canada, Related Companies, and Ezer acknowledge and admit that on October 5, 2005, SecureWorks, Secure Networx, and Ezer entered into a Settlement Agreement ("2005 Settlement Agreement") intended to be a settlement of all disputes among them, including a civil action filed by SecureWorks in the United States District Court for the District of Delaware against Secure Networx, Civil Action No. 1:05-538-JJF ("Action") and several administrative proceedings before the United States Patent and Trademark Office, namely Cancellation No. 92044570, Opposition No. 91155068, Opposition No. 91164319, and Opposition No. 91125887.

    4.    Secure Networx, SN Canada, Related Companies, and Ezer acknowledge and admit that the 2005 Settlement Agreement is a valid and enforceable contract between plaintiff and defendant and Ezer; that plaintiff has fully performed its obligations to defendant and Ezer

2

under that Agreement; that in conformity with the Agreement defendant changed its corporate name to Internettrust Foundation; and that under the terms of the Agreement, defendant and Ezer agreed, inter alia, to:

(a) abandon and/or cancel their entire right, title, and interest in and to the SECURE NETWORX mark worldwide including, but not limited to, any and all trademark, service mark, trade name and domain name applications and registrations therefor, by no later than October 5, 2005;

(b) voluntarily surrender United States Registration No. 2,939,034 for the mark SECURE NETWORX for cancellation with prejudice;

(c) restrain from filing new trademark or service mark applications of any kind for, containing, or similar to the mark SECURE NETWORX or SECUREWORKS; and

(d) that Defendant and Ezer, and all their officers, directors, shareholders, subsidiaries, related companies, franchisees, agents, employees, servants and all persons in active concert or participation with them be permanently enjoined and restrained, directly or indirectly, from interfering in any manner with the business of SecureWorks including, but not limited to, contesting, challenging, suing, opposing, and petitioning to cancel, the use, applications for, or registrations of, any of plaintiff's marks including, but not limited to, SECUREWORKS, XPONENTIAL INTELLIGENCE, and STEELCLAD EMAIL, or any other marks subsequently adopted and/or used by plaintiff.

5. Secure Networx, SN Canada, Related Companies, and Ezer agree to be bound by all terms and conditions contained in the 2005 Settlement Agreement on a worldwide basis.

6. Secure Networx, SN Canada, Related Companies, and Ezer acknowledge and admit that on October 21, 2005, a Final Judgment on Consent ("Final Judgment") incorporating the terms of the 2005 Settlement Agreement was entered by this Court.

7. Secure Networx, SN Canada, Related Companies, and Ezer acknowledge and admit that SecureWorks has at all times complied with the terms of the 2005 Settlement Agreement and the Final Judgment.

8. Secure Networx, SN Canada, Related Companies, and Ezer acknowledge and admit that a dispute has arisen as to Secure Networx's compliance with the Settlement Agreement and Final Judgment resulting in SecureWorks filing the Motion For Contempt, Sanctions, And To Enforce The Judgment On Consent. Secure Networx, SN Canada, and Related Companies shall immediately contact the United States Patent and Trademark Office, in writing, to request that the SECURE NETWORX registration remain cancelled if they have not already done so. Secure Networx, SN Canada, Related Companies, and Ezer shall not file any opposition or cancellation proceedings against SecureWorks in the future.

9. Secure Networx, SN Canada, and Related Companies have agreed that SecureWorks has incurred reasonable attorneys' fees and expenses in bringing the Motion, and shall therefore pay to SecureWorks said fees, of which the sum of U.S.$25,000 (TWENTY-FIVE THOUSAND DOLLARS IN UNITED STATES CURRENCY) is due and owing to SecureWorks by operation of this Consent Judgment.

10. Secure Networx, SN Canada, Related Companies, and Ezer represent that no individuals or entities other than Secure Networx, SN Canada, or Ezer own any rights in or to the SECURE NETWORX mark, including but not limited to all trademark, service mark, trade name, corporate name, and domain name applications, registrations or filings.

11. In the event of any violation of any material provision of this Consent Judgment by any of Secure Networx, SN Canada, or Related Companies, plaintiff shall be entitled to an immediate injunction, and all costs and expenses arising out of such violation, including reasonable attorneys' fees paid or incurred by plaintiff in enforcing and in obtaining the performance of Secure Networx, SN Canada, and/or Related Companies to the terms of this Consent Judgment in addition to liquidated damages in the sum of U.S.$100,000 (ONE HUNDRED THOUSAND DOLLARS IN UNITED STATES CURRENCY) and any fines, damages, or other injunctive relief awarded by the Court.

12. This Consent Judgment is in resolution of plaintiff's Motion For Contempt, Sanctions, And To Enforce The Judgment On Consent.

13. This Court shall have continuing jurisdiction over this action for the purpose of making any further orders necessary or proper for the enforcement of this Consent Judgment or the punishment of any violation thereof.

14. Secure Networx, SN Canada, and Related Companies agree that this Consent Judgment is enforceable against each of them in the United States and Canada.

<u>CONSENT</u>

Accepted and Agreed to:

                                      SECUREWORKS, INC.

                                      By: _____

                                      Name: Michael R. VanSuch

                                      Title: CFO, Secretary & Treasurer

STATE OF GEORGIA  )
                             ) ss.:
COUNTY OF DEKALB )

Michael R. VanSuch, being duly sworn, deposes and says that he/she is CFO, Secretary + Treasurer of SecureWorks, Inc., the plaintiff in the above-referenced civil action, and that he/she is authorized to execute this Final Judgment On Consent on behalf of said plaintiff.

Dated: Atlanta, Georgia
         November 14, 2006

                                      CHERYL CRAYCRAFT
                                      Notary Public, Gwinnett County, Georgia
                                      My Commission Expires July 31, 2009
                                      _____
                                      NOTARY PUBLIC

                                      POTTER ANDERSON & CORROON LP

Dated: Wilmington, Delaware      By: _____
         November 15, 2006
                                      Richard L. Horwitz (#2246)
                                      James M. Kron (#3898)
                                      Hercules Plaza, 6th Floor
                                      1313 North Market Street
                                      Wilmington, DE 19801
                                      Telephone: (302) 984-6000
                                      Facsimile: (302) 658-1192
                                      rhorwitz@potteranderson.com
                                      jkron@potteranderson.com
                                      *Attorneys for Plaintiff*
                                      *SecureWorks, Inc.*

CORPORATE ACKNOWLEDGMENT OF SECUREWORKS, INC.

STATE OF GEORGIA )
) ss.:
COUNTY OF DEKALB )

On this _14_ day of November, 2006, before me personally appeared _MICHAEL R VANOSUKA_, to me known, who, being by me duly sworn, did depose and say that he/she is the _CFO, SECRETARY+TREASURER_ of SecureWorks, Inc., the corporation described in and which executed the foregoing instrument; and that he/she is authorized to execute the foregoing instrument on behalf of said corporation.

(Notarial Seal)

Notary Public
CHERYL CRAYCRAFT
Notary Public, Gwinnett County, Georgia
My Commission Expires July 31, 2009

6B

Dated: Thursday,
November 9, 2006

[Corporate Seal]

INTERNETTRUST FOUNDATION f/k/a/
SECURE NETWORX CORP.

By: _____
Name: Adam Ezer
Title: President
I, Adam Ezer, have authority to bind the corporation.

Dated: Thursday
November 9, 2006

_____
Adam Ezer
114-3755 West 6th Avenue
Vancouver, BC V6R 1T9
Canada

SECURE NETWORX CORP., an extra-provincial company

Dated: Thursday,
November 9, 2006

By: _____
Name: Adam Ezer
Title: President
I, Adam Ezer, have authority to bind the corporation.

[Corporate Seal]

WITNESS:

_____
Name: TOMAS KRESCHA
Address: 550 EGLINTON AVE
Toronto ON

Dated:
November 9, 2006

_____
Name: MARY
Address: 550 Eglinton Ave W
Toronto ON

Dated:
November 9, 2006

[REDACTED AND MOVED
SO ORDERED TO LAST PAGE]

7

Parkowski, Guerke & Swayze, P.A.

Dated: Wilmington, Delaware  
November 15, 2006

By: /s/ Michael W. Arrington

Michael W. Arrington  
800 King Street, Suite 203  
Wilmington, DE 19801  
Phone: (302) 594-3333  
Fax: (302) 654-3033  
Email: marrington@pgslegal.com

*Attorney for Defendant  
InternetTrust Foundation, f/k/a Secure  
Networx Corp.*

**SO ORDERED**

Dated: November 16, 2006

_____  
UNITED STATES DISTRICT JUDGE

8